STATE v. WILL HIGGINS.

(Decided May 22, 1900.) .

*Larceny—Growing Crops—Property, How Charged—Tenant—Landlord.*

For the lessor's protection, as between him and the tenant, the possession of the crop is deemed vested in the lessor, Code, sec. 1754; as between the tenant and third parties, the tenant is entitled to possession and the crop, and the ownership of the crop is well charged as his in the indictment.

INDICTMENT for larceny of growing corn the property of George Thomas, heard on appeal from the Western District Criminal Court for BUNCOMBE County, before *Coble, J.,* of the Superior Court on November 17, 1899.

The proof was that George Thomas was the renter of J. M. Bassett, and had charge of the crop, although he did not live on the land. The defendant claimed that there was a fatal variance between the allegation and the proof, and moved to be discharged, which his Honor refused to do, and upon conviction rendered judgment against the defendant, who appealed to the Superior Court, where the judgment was affirmed and he appealed to the Supreme Court.

*Messrs. Carter & Curtis,* for appellant.
*Attorney-General,* for State.

FAIRCLOTH, C. J. The defendant is indicted for stealing several ears of corn in August, standing, growing and ungathered in the field, being cultivated for food and market. The indictment alleges that the corn was the "property of George Thomas." The proof shows that the prosecutor,

Thomas, was a tenant, and rented the land from Bassett who was to have one-third of the corn; that Thomas did not live on the land, but had charge of the field.   At the close of the evidence the defendant moved to be discharged on the ground of a variance in the bill, and in the proof in that the owner-ship was alleged to be in Thomas, whereas it should have been in Bassett, the landlord.   This is the only question presented.

Where lands are leased or rented for agricultural pur-poses, the possession of the crop is deemed to be vested in the lessor.   Code, sec. 1754.   That section is only for a lessor's protection.   Against any third person, the tenant is entitled to the possession of the land and the crop, and for an injury thereto whilst it is being cultivated he may main-tain an action in his own name for the injury.   He is the "real party in interest."   Code, sec. 177.   The Code, sec. 1754, *et seq.* are intended to adjust the rights of landlord and tenant.   *Bridgers v. Dill,* 97 N. C., 222, 227.

With this construction we think the ownership of the crop was well charged in the indictment.

Affirmed.